# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| National Beverage Screen Printers, Inc. ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No.: 1:16-cv-03850-JMC | |
| ) | | |
| DALB, Inc. ) | **ORDER AND OPINION** | |
| ) | | |
| Defendant. ) | | |
| ) | | |

Plaintiff National Beverage Screen Printers, Inc. ("Plaintiff" or "NBS"), filed the instant action seeking a declaration from the court that Plaintiff is not liable for infringement of Defendant DALB, Inc.'s ("Defendant" or "DALB") U.S. Patent Nos. 7,377,065 ("065 Patent") and 8,104,206 ("206 Patent"). (ECF No. 1.) This matter is before the court on Defendant's Renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), or 12(f). (ECF No. 45 at 1.) In the alternative, Defendant moves to transfer this case to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1406 or 28 U.S.C. § 1631. (*Id.*) For the reasons stated below, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 45 at 1) pursuant to Fed. R. Civ. P. 12(b)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Both parties appear to be in the business of supplying signage for vending machines. (*See, e.g.*, ECF No. 1-3 at 1.) Plaintiff alleges that on July 8, 2015, it received a letter from Defendant's counsel claiming that Plaintiff's products may infringe on the 065 Patent and/or the 206 Patent. (ECF No. 1 at 2 ¶ 8 (referencing ECF No. 1-3).) In response to an October 20, 2015 letter asserting patent infringement, Plaintiff's counsel sent Defendant a letter on November 5, 2015, stating Plaintiff's basis for believing that it had not infringed on Defendant's patents. (ECF No. 1-4.) On

December 2, 2016, Plaintiff alleges that it received a "cease and desist" letter from Defendant's counsel "demand[ing] that NBS immediately cease and desist use of DALB's patented technology . . . no later than December 9, 2016." (ECF No. 1 at 2 ¶ 10 (referencing ECF No. 1-5).) As a result of the threatening nature of Defendant's December 2, 2016 correspondence, Plaintiff filed a Complaint against Defendant seeking declaratory judgment of noninfringement, attorney's fees, costs, and expenses on December 9, 2016. (*Id.*) On the same day, Defendant also filed a Complaint for Patent Infringement in the Northern District of West Virginia. *See DALB, Inc. v. National Beverage Screen Printers, Inc.*, C/A No. 3:16-cv-00167-GMG, ECF No. 1 (N.D. W. Va. Dec. 9, 2016).[1]

On February 3, 2017, Plaintiff filed a Motion to Enjoin. (ECF No. 7.) In response to Plaintiff's Motion to Enjoin, Defendant filed a Combined Opposition to Enjoin Prosecution of the West Virginia Action and a Motion to Dismiss or Transfer on February 16, 2017. (ECF Nos. 9, 11.)[2] On February 23, 2017, Plaintiff filed a Reply in Support of the Motion to Enjoin. (ECF No. 12.) Thereafter, on March 2, 2017, Plaintiff filed Opposition to the Motion to Dismiss or Transfer, to which Defendant filed a Reply in Support of its Motion to Dismiss or Transfer on March 13, 2017. (ECF Nos. 17, 22.) On the same day, Plaintiff filed a Motion to Take Limited Jurisdictional Discovery, which was opposed by Defendant on March 13, 2017. (ECF Nos. 18, 23.)

On April 27, 2017, Defendant moved the court for a hearing on its Motion to Dismiss or Transfer (ECF No. 9). (ECF No. 32.) On May 18, 2017, the court held a hearing regarding Defendant's Motion to Dismiss or Transfer. (ECF No. 35.) On July 21, 2017, the court denied

---

[1] A copy of the West Virginia Complaint is located at ECF No. 7-2.

[2] The court observes that ECF Nos. 9 and 11 are the same documents.

without prejudice Plaintiff's Motion to Enjoin Prosecution of a Later-Filed Action (ECF No. 7). (ECF No. 41.) On August 4, 2017, the court granted Plaintiff's Motion for Limited Jurisdictional Discovery (ECF No. 18) giving the parties sixty (60) days for discovery on jurisdictional issues. (ECF No. 42.) Within the same Order (ECF No. 42), the court also denied without prejudice Defendant's Motion to Dismiss or Transfer with leave to refile after October 3, 2017.

On October 9, 2017, Defendant refiled its Motion to Dismiss or Transfer (ECF No. 45), and on October 26, 2017, after receiving an extension (ECF No. 47), Plaintiff responded (ECF No. 49).[3] On November 2, 2017, Defendant replied. (ECF No. 50.) On May 24, 2018, a hearing was held before the undersigned. (ECF No. 66.)

## II. JURISDICTION

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 collectively as Plaintiff's request for a declaratory judgment arises under United States patent law, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The parties dispute whether the court has personal jurisdiction over Defendant and the court will address this issue in a later section.

## III. LEGAL STANDARD

A. <u>Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)</u>

Federal Circuit law applies to the court's jurisdictional analysis because the jurisdictional issue is "intimately involved with the substance of the patent laws." *Nicolas Holiday, Inc. v. 1 Energy Sols., Inc.*, No. CV 3:13-00877-CMC, 2013 WL 12158523, at *1 (D.S.C. Aug. 8, 2013) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).

---

[3] Plaintiff's initial response (ECF No. 49) was redacted. Plaintiff moved to file this document under seal (ECF No. 48), which the court granted (ECF No. 53). Plaintiff filed an unredacted version of its response (ECF No. 55) under seal.

3

"To survive a motion to dismiss in the absence of jurisdictional discovery, plaintiffs need only make a prima facie showing of jurisdiction." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005)). However, "[o]nce jurisdictional discovery or an evidentiary hearing is completed, the plaintiff's preponderance of the evidence burden applies and the plaintiff no longer has the benefit of favorable interpretations of pleading allegations." *Informaxion Sols., Inc. v. Vantus Grp.*, 130 F. Supp. 3d 994, 998 (D.S.C. 2015) (quoting *Estate of Thompson v. Mission Essential Pers.*, LLC, No. 1:11CV547, 2014 WL 4745947, at *2 (M.D.N.C. Sept. 23, 2014)).[4]

"A personal jurisdiction determination for an out-of-state defendant is a two-step inquiry: 'whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process.'" *Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009)). South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause."[5] *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (citing *Southern Plastics Co. v. Southern Commerce Bank*, 423 S.E.2d 128, 130 (S.C. 1992)). Therefore, the appropriate question for the court in considering a personal jurisdiction defense raised by an out-of-state defendant is whether that defendant has "minimum

---

[4] *See also Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015) ("A preponderance [of the evidence] standard applies where the parties conduct jurisdictional discovery but no jurisdictional hearing [is] necessary because the parties [do not dispute the jurisdictional facts]." The Federal Circuit is unclear what standard is to be used if the court has a jurisdictional hearing. However, the court held a hearing on the jurisdictional evidence provided and the disputes therein, thus, the court utilizes a preponderance of the evidence standard.

[5] S.C. Code Ann. § 36-2-803 (2005) is considered South Carolina's long-arm statute. *See Lyons v. BAIC Inc.*, 2018 WL 1305754, at *1 (D.S.C. March 13, 2018).

contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"There are two types of personal jurisdiction—general and specific." *Grober*, 686 F.3d at 1345. "The analytical framework for determining whether minimum contacts exist differs according to which species of personal jurisdiction—general or specific—is alleged." *Scardino v. Elec. Health Res.*, LLC, No. 2:14-CV-02900-PMD, 2014 WL 12606303, at *2 n.3 (D.S.C. Oct. 20, 2014). "General [personal] jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). General jurisdiction is proper where the defendant has purposefully "availed himself of the privilege of conducting [activities in the forum state]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) ("[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

"Specific [personal] jurisdiction . . . must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Grober*, 686 F.3d at 1346 (Fed. Cir. 2012) (quoting *Autogenomics Inc.*, 566 F.3d at 1017). "When analyzing specific personal jurisdiction over a nonresident defendant, a court considers whether: '(1) the defendant purposefully directed its activities at residents of the forum

state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair.'" *Grober*, 686 F.3d at 1346 (quoting *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)). "The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Grober*, 686 F.3d at 1346 (citing *Elecs. For Imaging*, 340 F.3d at 1350); *see also Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017) ("The first two factors [of the specific personal jurisdiction analysis] correspond with the 'minimum contacts' prong of [personal jurisdiction]. . . and the third factor corresponds with the 'fair play and substantial justice' prong of the [personal jurisdiction] analysis.") (internal citations omitted).

    B. <u>Motion to Transfer</u>

Whenever a court finds that it lacks jurisdiction, ". . . the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal should proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. "[Section] 1631, [ ] allows for transfer of [cases] over which [the court] ha[s] no jurisdiction if it is in the interest of justice." *Kopp v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 877 F.2d 307, 309 (4th Cir. 1989) (plaintiff made a good faith mistake in filing case).

## IV. ANALYSIS

a. *Personal Jurisdiction*

Plaintiff asserts that specific personal jurisdiction is implicated in this case because "this dispute arises from Defendant's activities in and directed to South Carolina."[6] (ECF No. 55 at 13.) Plaintiff also asserts that Defendant consented to general personal jurisdiction by obtaining a certificate of authority to transact business in South Carolina and by transacting business in South Carolina. (*Id.* at 15.) However, because Plaintiff ultimately asserts that specific personal jurisdiction is implicated in this case and not general personal jurisdiction and reinforced this assertion during the hearing, the court does not fully analyze Plaintiff's assertion of general personal jurisdiction.[7]

---

[6] Plaintiff also asserts that the court has personal jurisdiction over Defendant because Defendant is registered to do business in the state of South Carolina, has an agent to accept service of process in South Carolina, has employees here on whom [it] ha[s] to pay income tax, and has made millions of dollars of sales in the state of South Carolina. (ECF No. 55 at 13.) However, Plaintiff seems to conflate "general personal jurisdiction" and "specific personal jurisdiction." The factors that Plaintiff lists above help to establish general personal jurisdiction rather than specific personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) ("*International Shoe* distinguished between, on the one hand, exercises of specific personal jurisdiction [where a suit arises out of or relates to the defendant's contacts with the forum], and on the other, situations where a foreign corporation's continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities. As we have since explained, a court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (internal and external citations omitted).

[7] However, the court notes that, pursuant to *Ratliff v. Cooper Laboratories, Inc.*, "the application to do business and the appointment of an agent for service to fulfill a state law requirement is of no special weight in the present context [of establishing personal jurisdiction]" 444 F.2d 745, 748 (4th Cir. 1971); *see also Ruff v. Strategic Contract Brands, Inc.,* No. 6:15-CV-5004-BHH, 2016 WL 4266313, at *5 (D.S.C. Aug. 12, 2016) ("The [c]ourt agrees with Defendant that registering as a corporation in South Carolina, in and of itself, does not necessarily establish personal jurisdiction."). Defendant's registration to do business in South Carolina does not automatically subject Defendant to general personal jurisdiction.

As stated above, the court uses a three-element test to determine specific personal jurisdiction, analyzing whether Defendant's activities were purposefully directed at the forum state, whether Defendant's claim arises out of or is related to those activities, and whether the assertion of personal jurisdiction is reasonable and fair. *See Grober*, 686 F.3d at 1346; *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (quoting *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)). "With respect to the [reasonableness and fairness of the court asserting personal jurisdiction], the burden of proof is on the defendant, which must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King*."[8] *Avocent*, 552 F.3d at 1332 (quoting *Breckenridge*, 444 F.3d at 1363).

In the context of patent infringement litigation, the court's specific personal jurisdiction analysis depends on whether the action is brought based on the infringement of a patent or is brought in the form of a declaratory judgment action for noninfringement of a patent. *See id.* at 1332-33. If a suit is brought on the basis of alleged patent infringement then the jurisdictional inquiry is focused on the "nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Id.* at 1332. However, in the context of a declaratory judgment action for noninfringement of a patent "[t]he relevant inquiry for specific personal

---

[8] Relevant factors in determining whether the assertion of personal jurisdiction would comport with "fair play and substantial justice" include: "[1] 'the burden on the defendant,' [2] 'the forum State's interest in adjudicating the dispute,' [3] 'the plaintiff's interest in obtaining convenient and effective relief,' [4] 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and [5] the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King,* 471 U.S. at 477 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 (1980)).

jurisdiction purposes [is] to what extent has the defendant patentee 'purposefully directed [ ] enforcement activities at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'"[9] *Id.* at 1332-33 (quoting *Breckenridge*, 444 F.3d at 1363).

"For the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum *and related to the cause of action* besides the letters threatening an infringement suit." *Avocent*, 552 F.3d at 1333 (emphasis in the original) (quoting *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003)). "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness." *Avocent*, F.3d at 1333 (quoting *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998)).

In order for the court to assert specific personal jurisdiction over Defendant, Defendant must have engaged in "other activities" beyond sending letters, such as "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Avocent*, 552 F.3d at 1335; *see also Breckenridge*, 444 F.3d at 1363 ("The district court correctly stated [the Federal Circuit's] law that personal jurisdiction may not be

---

[9] "[T]he nature of the claim in a declaratory judgment action is to clear the air of infringement charges. Such a claim neither directly arises out of nor relates to the [commercialization of a product], but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent*, 552 F.3d at 1332 (internal citation omitted).

9

exercised constitutionally when the defendant's contact with the forum state is limited to cease and desist letters, 'without more.'") (quoting *Red Wing Shoe*, 148 F.3d at 1360). "[E]ven though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts), the 'minimum requirements inherent in the concept of 'fair play and substantial justice' . . . defeat the reasonableness of jurisdiction.'" *Red Wing Shoe,* 148 F.3d at 1360 (citing *Burger King*, 471 U.S. at 477-78); *see also New World Int'l, Inc. v. Ford Glob. Techs., LLC,* 859 F.3d 1032, 1037–38 (Fed. Cir. 2017) (Under the third part of the test, [ ] this court has held that it is improper to predicate personal jurisdiction on the act of sending ordinary cease and desist letters into a forum, without more.)

Defendant sought to enforce its patents by sending Plaintiff several letters regarding potential infringement of two of Defendant's patents. (*See* ECF No. 9-2 at 1-4, 8, 11-14, 18, 21-22.) Defendant initially sent a letter on July 8, 2015 stating that Plaintiff may be infringing on Defendant's patents. (ECF No. 9-2 at 1-2.) Plaintiff responded (*id.* at 7) and then Defendant sent a letter regarding the possibility of Plaintiff licensing signage that is allegedly covered under Defendant's patents (*id.* at 8). Plaintiff declined the proposed licensing agreement (*id.* at 10) and the parties exchanged several more correspondences which ultimately led to Defendant sending Plaintiff a cease and desist letter (*id.* at 18) in regard to Plaintiff's alleged unlicensed use of Defendant's patented technology. Defendant also filed a case for patent infringement in the Northern District of West Virginia. (*Id.* at 21; *see also* ECF No. 7-2.)

Plaintiff has established that Defendant satisfies the minimum contacts necessary for the court to assert personal jurisdiction. *See Red Wing Shoe,* 148 F.3d at 1360. However, the court's assertion of personal jurisdiction would not be reasonable and fair. Plaintiff asserts that the reasonable and fairness prong of the court's specific personal jurisdiction analysis does not have

to be considered in this case because that prong "applies for personal jurisdiction over an out-of-state or nonresident defendant [which Defendant is not]." (ECF No. 55 at 18.) The court disagrees.

Plaintiff's emphasis on Defendant's residency and physical presence in South Carolina is misplaced because it is not a factor to be considered in determining whether the court can assert specific personal jurisdiction over Defendant.[10] *See Autogenomics, Inc. v. Oxford Gene Tech., Ltd.,* No. SACV 07-846-MRP ANX, 2008 WL 7071464, at *3 (C.D. Cal. Jan. 17, 2008), aff'd, 566 F.3d 1012 (Fed. Cir. 2009) ("This 'fairly high' standard [to establish general personal jurisdiction through continuous and systematic contacts with the forum] requires the contacts to be the sort that approximate physical presence within the state, and in that regard, '[f]actors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process . . . or is incorporated there.'") (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000)).

Defendant has provided evidence that it took no further actions to enforce its patents in South Carolina beyond sending Plaintiff letters regarding the alleged infringement of Defendant's patents which is distinct from other cases where courts have asserted personal jurisdiction over a defendant in a declaratory judgment action for noninfringment of a patent. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (listing cases where courts asserted specific personal jurisdiction).[11] Because Defendant took no further actions beyond sending Plaintiff

---

[10] Defendant is a West Virginia corporation which also has its principal place of business in West Virginia. (ECF No. 1 at 1 ¶ 2; ECF No. 50 at 4.) Defendant is also registered to do business in South Carolina, has two employees in South Carolina, and withholds income taxes for its South Carolina employees. (ECF No. 50 at 4.)

[11] *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008) (extra-judicial patent enforcement); *Breckenridge*, 444 F.3d at 1366 (exclusive license); *Elecs. for Imaging*, 340 F.3d at 1351 (hiring of in-forum attorney to communicate with plaintiff); *Inamed Corp. v. Kuzmak*, 249

11

letters regarding potential patent infringement, the court cannot assert specific personal jurisdiction over Defendant.[12] Additionally, to the extent that Plaintiff posits that Defendant's presence in South Carolina through its agent for service and its employees allows for the court to assert specific personal jurisdiction over Defendant, the court disagrees. Defendant's employees and agent for service concern the commercialization of Defendant's products in South Carolina and have no bearing on the enforcement of Defendant's patents which is a necessary element for asserting specific personal jurisdiction over a declaratory judgment action for noninfringement of a patent. *See Avocent*, 552 F.3d at 1332.

   b. *Motion to Transfer*

Defendant initially moved the court to dismiss Plaintiff's case or in the alternative to transfer the case to West Virginia, however, Defendant now asserts that "[ ] a simple dismissal [of Plaintiff's case] now would prejudice [Defendant] who has expended significant resources contesting jurisdiction[.]" (ECF No. 45 at 10; ECF No. 50 at 14.)

Because the court finds that it lacks specific personal jurisdiction over Defendant and Plaintiff asserts that general personal jurisdiction is not implicated in this case, the court must either dismiss Plaintiff's case or it must transfer this case to a jurisdiction where a court can exercise personal jurisdiction over Defendant. The court has the authority to transfer a case if the

---

F.3d 1356, 1361 (exclusive license); *Akro Corp. v. Luker*, 45 F.3d 1541, 1548–49 (exclusive license).

[12] The court finds that it is not necessary to utilize the *Burger King* factors in analyzing whether the court's assertion of specific personal jurisdiction would be proper because it is well settled that "other activities" beyond the sending of a letter to a party are necessary for the court to assert specific personal jurisdiction over Defendant in the context of a declaratory judgment action for noninfringement of a patent. *See Red Wing Shoe,* 148 F.3d at 1360.

court finds that it lacks personal jurisdiction over a defendant and it is in the interest of justice to transfer the case. *See* 28 U.S.C. § 1631.

In similar cases concerning whether the court can assert personal jurisdiction over a defendant in a declaratory judgment action for noninfringement of a patent, the Federal Circuit has found that the district court's dismissal of the plaintiff's claim was proper. *See Red Wing*, 148 F.3d at 1362; *Avocent*, 552 F.3d at 1341.

Defendant's initial argument in regard to whether the court should dismiss or transfer this case was that the court should dismiss this case for lack of personal jurisdiction and should only transfer the case in the alternative. (ECF No. 45 at 10.) However, after jurisdictional discovery, Defendant asserted that it would be prejudiced if the court did not transfer this case to West Virginia. (ECF No. 50 at 14.) During the May 24, 2018 hearing, Defendant ultimately retreated back to its initial position and stated that dismissal would be appropriate if the court found that it lacked personal jurisdiction over Defendant.

The court finds that transferring this case would not be in the interest of justice; therefore, the court dismisses Plaintiff's declaratory judgment claim.[13] Neither party has presented sufficient evidence as to the reason transferring this case instead of dismissing this case would be in the interests of justice. Both parties also agree that this case should be dismissed if the court finds that it lacks personal jurisdiction over Defendant. (*See* ECF No. 45 at 10; ECF No. 55 at 25.) Further, if the court were to transfer this case to West Virginia it would create a situation where there are

---

[13] Pursuant to *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. Even jurisdiction over the person (as opposed to subject-matter jurisdiction) is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." 529 U.S. 765, 778–79 (2000) (internal and external citations omitted).

two cases—this declaratory judgment action and Defendant's patent infringement action—and both seek to adjudicate whether Plaintiff infringed upon Defendant's patents.

   *c.* *Defendant's Alternative Motions*

Because the court finds that it lacks personal jurisdiction over Defendant and dismisses this case, the court does not need to address Defendant's alternative arguments within its Motion to Dismiss (ECF No. 45 at 1).

## V.     CONCLUSION

For the reasons stated above, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 45 at 1) pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 6, 2018
Columbia, South Carolina